

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,387-01

### EX PARTE ROJELIO ROCKY SANTANA, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 19233-B IN THE 104TH DISTRICT COURT
### FROM TAYLOR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and sentenced to thirty years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Santana v. State*, No. 11-15-00010-CR (Tex. App.—Eastland Feb. 2, 2017) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to inform him of the deadline for accepting a plea offer of fifteen years.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these

circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the above claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State made a plea offer of fifteen years, counsel was deficient not informing Applicant of the deadline for accepting the plea offer, Applicant would have accepted the offer, and the plea would have been entered without the State withdrawing the offer and trial court rejecting it. *See Missouri v. Frye*, 566 U.S. 134, 135 (2012). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 23, 2018
Do not publish